IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES EDWARD JONES | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WMN-05-3373 |
| WARDEN HOLLINGSWORTH | : | |
| Defendant | : | |

o0o

### MEMORANDUM

The above-entitled action, filed on December 19, 2005, seeks injunctive relief. Plaintiff has filed a Motion to Proceed In Forma Pauperis which shall be granted. For the reasons that follow, this case must be dismissed.

Plaintiff asserts that he is currently pursuing administrative remedies seeking release to a long-term residential treatment program instead of a 45-day halfway house. Paper No. 1 at p. 1. He seeks a 60-day temporary restraining order prohibiting the Federal Bureau of Prisons from releasing him or otherwise transferring him until he has had the opportunity to complete the administrative remedy process. *Id*. In the alternative, Plaintiff seeks a hearing so that he can "demonstrate beyond a reasonable doubt, the gross violation of [his] legal rights a the hands of the FCI-Cumberland facility." *Id*. In support of his claim Plaintiff cites 18 U.S.C. §3621(b) and (e). *Id*.

To be entitled to injunctive relief, Plaintiff must establish: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant will not be harmed if the requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. *See Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977),

*see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 322-23 (4th Cir. 2000).  The failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny a preliminary injunction. *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.)    In addition, the required irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983).

Plaintiff has not demonstrated that he will suffer irreparable harm if he is released to a 45-day halfway house before he has had the opportunity to exhaust administrative remedies.[1]  Further, Plaintiff cannot demonstrate a likelihood of success on the merits of his claim.    The statute cited by Plaintiff plainly assigns the task of determining which federal prisoners are entitled to substance abuse treatment to federal Bureau of Prison staff. *See* 18 U.S.C. §3621(b).  In addition, the Bureau has been granted the exclusive authority to designate the place of confinement of a federal prisoner. *See Fagiolo v. Smith*, 326 F. Supp. 2d 589, 592– 293 ((M.D. PA 2004) (prisoner is entitled under statute to consideration for transfer but is not entitled to transfer to a particular placement).  Having found no basis for the relief sought, the court shall dismiss the Complaint by separate order which follows.

<u>January 12, 2006</u>                                     _____/s/_____
Date                                                                        William M. Nickerson
                                                                                 Senior United States District Judge

---

[1] There is no allegation that long term substance abuse treatment will be forever unavailable to Plaintiff if he is released to a halfway house.